**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:07CR53**

| | |
|---|---|
| **UNITED STATES OF AMERICA**    ) | |
|                                 ) | |
|                                 ) | |
| **VS.**                         ) | **MEMORANDUM AND ORDER** |
|                                 ) | |
|                                 ) | |
| **DAVID LEE HENSON**            ) | |
| _____  ) | |

     **THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell.  Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to suppress evidence to the Magistrate Judge for a recommendation as to disposition.  Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the recommendation is adopted and the Defendant's motion is denied.  **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

     The Defendant's motion stems from a checkpoint stop conducted by the Asheville Police Department on September 12, 2006, of the vehicle in

which the Defendant was a passenger.  At the suppression hearing, the Government established the policy behind the Standard Operating Procedure for license checkpoints in the geographical area in question. On the night in question, after having received approval from superiors, the police stopped each vehicle entering the checkpoint, including the one driven by Monica Davis in which the Defendant was a passenger.  There were two problems with Ms. Davis' operation of the vehicle: she could not produce a valid drivers' license and the officer saw in plain view an open container of beer in the front seat of the vehicle.  The Court has reviewed the evidence related to the checkpoint, its justification according to the terms of the Standard Operating Procedure for the area at issue, the procedures in place for the checkpoint, and the events of the evening in question.  The Court finds that it was valid, proper and conducted according to neutral guidelines.  ***Michigan Dep't of State Police v. Sitz***, **496 U.S. 444 (1990);** ***Delaware v. Prouse***, **440 U.S. 648, 663 (1979);** ***Illinois v. Lidster***, **540 U.S. 419 (2004);** ***City of Indianapolis v. Edmond***, **531 U.S. 32 (2000).**    Moreover, if in the process of stopping a car at a roadblock to check the driver's license, the officers see evidence of another crime, they have the right to take reasonable investigative steps.

***Texas v. Brown***, 460 U.S. 730 (1983). Such was the case here in that the driver of the car did not possess a valid driver's license and there was an open container of beer in plain view. ***United States v. Wilson***, 183 F.3d 1291 (11th Cir. 1999); ***United States v. Massie***, 65 F.3d 843 (10th Cir. 1995); ***United States v. Lopez***, 777 F.2d 543, 547 (10th Cir. 1985) ("The law does not require the police to ignore evidence of other crimes in conducting legitimate roadblocks[.]"). Moreover, the officer testified that the Defendant interfered with his investigation causing the officer to ask the driver to exit the car. During a conversation with the driver, the officer saw the Defendant, who remained in the passenger seat, place an object under the seat. Concerned for his safety, the officer then asked the Defendant to exit the car, conducted a pat down during which a loaded pistol and drugs were found, and searched under the seat where another loaded gun was found. All of this conduct on the part of the officer was constitutional under the circumstances here presented. ***Texas v. Brown, supra; Wilson, supra; Massie, supra; Lopez, supra.***

The Defendant notes that he was originally charged in state court with being a felon in possession of a firearm and drug charges. In connection with those charges, he claims that the conditions of his state

supervised pretrial release were unlawful. That allegation, however, has nothing to do with these federal charges.

Next, he claims that under North Carolina law, it was lawful for him to possess a firearm even though he was a convicted felon. Again, the legality or illegality of that possession under state law has nothing to do with these federal charges. ***Caron v. United States*, 524 U.S. 308 (1998) (upholding Caron's conviction for being a felon in possession of a firearm even though his firearm possession was legal under Massachusetts law); *United States v. Farmer*, 49 F. App'x 487 (4th Cir. 2002) (The fact that a felon was allowed to possess a firearm in his home under North Carolina law did not foreclose his prosecution under federal law for being a felon in possession of a firearm.).**

The only specific objection raised by the Defendant is that the officers conducting the checkpoint failed to obtain written or verbal approval for the operation on the evening in question. However, the Court has reviewed the recording of the suppression hearing and finds the following: (1) the Government adequately established the existence of an on-going standard operations procedure (SOP) for the geographical area involved on the night in question; (2) there is no legal requirement that a

written SOP be devised for any specific checkpoint because the City of Asheville has an on-going SOP; (3) Officers Riddle and Eberhart, who were on duty that night, requested approval from their superior to conduct a license checkpoint; (4) Officers Riddle and Eberhart received such approval from their immediate superior, Sgt. Jones; (5) Sgt. Jones notified Lt. Welch that the license checkpoint was going to be conducted even though technically the approval of Welch was not required; and (6) Lt. Welch specifically gave his approval to Sgt. Jones to proceed.

The remainder of the Defendant's objections are not specific; he merely argues that because the initial checkpoint was tainted, every act that followed was irrelevant. The Defendant also makes general objections to the Magistrate Judge's balancing of the factors applied to checkpoints. The crux of the Defendant's argument is that the checkpoint was merely a pretext to uncover generalized criminal conduct. However, the Court has reviewed the testimony from the hearing and finds that the Magistrate Judge's assessment is correct while the Defendant's position constitutes nothing more than argument with the outcome. The Court, therefore, adopts the Magistrate Judge's recommendation that the Defendant's motion to suppress be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to suppress is hereby **DENIED**.

Signed: August 22, 2007

Lacy H. Thornburg
United States District Judge